UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00275-MR

| CHANSLER DEPAUL MALLARD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| T.D.C.J. PRISON SYSTEM, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

I. **BACKGROUND**

On or about October 28, 2024, pro se Plaintiff Chansler DePaul Mallard ("Plaintiff"), a prisoner of the State of Texas currently incarcerated at Hodge Unit in Rusk, Texas,[1] filed this action against the "T.D.C.J. [Texas Department of Criminal Justice] Prison System" and/or certain officers or employees thereof.[2] [See Doc. 1; Doc. 1-1 (postmark)]. Plaintiff purports to

---

[1] Rusk is in Rusk County, Texas, which is in the Eastern District of Texas.

[2] Plaintiff lists Case Number 2:15-cv-00019 at the top of his Complaint in this matter. [Doc. 1 at 1]. This case number was assigned to an action Plaintiff brought in the Northern District of Texas for relief under 28 U.S.C. § 2254. [See Case No. 2:15-cv-00019 (N.D. Tex. 2015), Doc. 1]. The Texas Court dismissed that action on January 22, 2018, and the United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's untimely

bring this action pursuant to "42 U.S.C. Section 2024," which does not exist, and seeks relief pursuant to 28 U.S.C. §§ 2021 and 2202, which plainly do not apply. [Id. at 1]. Plaintiff claims his constitutional rights are being violated by "State employees and Federal employees that are working For T.D.C.J. prison system" who "are going OFF inside other Bodys while they are still in there Regular Bodys which are imposters and Fraudulent." [Id.]. Plaintiff alleges that these "morphodites [are] Raping the inmates to make them submit to these homosexual ways[.]" Plaintiff alleges that this Court has jurisdiction because "[t]hese imposters are operating through the Federal Courts and through the State Court and the military[.]" [Id.].

Recently, the Eastern District of Texas dismissed a similar Complaint filed by the Plaintiff there, noting "Plaintiff's allegations about a global band of body-swapping homosexuals are clearly delusional and thus subject to dismissal as factually frivolous." Mallard v. Womack, Case No. 6:24cv269, 2024 WL 4469201, at *2 (E.D. Tex. Sept. 6, 2024).

## II.    DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1)

---

appeal. [Id., Docs. 42, 44 55]. Plaintiff has since filed nearly 20 unanswered correspondences in that action, one as recently as October 22, 2024. [Id., Docs. 56-74].

2

a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of Texas. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of Texas. Because Plaintiff's Complaint is entirely frivolous and the Eastern District of Texas has already weighed in on Plaintiff's allegations, the Court finds that it is not in the interest of justice to transfer this case. The Court, therefore, will dismiss it for improper venue.

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action.

**<u>ORDER</u>**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED.**

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: November 5, 2024

Martin Reidinger
Chief United States District Judge